Marshall, C. J.
 

 This is an original action in this court in mandamus. The superintendent of the department of public works of the state of Ohio advertised for bids for the construction of a power house, and equipment, as an addition to the Longview State Hospital at Cincinnati; said bids to be opened on September 23, 1930. Four bids were submitted, the
 
 *311
 
 relator, the Elliott Company, being the lowest bidder, in the sum of $35,215. The petition alleges, and the general demurrer to the petition admits, that the superintendent of public works was authorized to construct the power house, and to receive bids therefor, and to make an award of the contract; that the law has in all respects been observed by relator in submitting its bid; and that the superintendent of the department of public works has likewise complied with the law in all respects except that no action was taken by the superintendent within thirty days after the submission of the bids. Relator prays a peremptory writ of mandamus to compel the superintendent of the department of public works to accept the bid of relator and award to it the contract. The cause has been submitted for determination of this court upon the general demurrer to the petition.
 

 The question is one of interpretation of statutes. The general statutes relating to the construction of public works are found in Sections 2314 to 2332, General Code. The general provisions which are more particularly involved are Sections 2319 and 2320, General Code. Section 2319 provides that on the day and in the place named in the notice the proposals shall be opened and tabulated. That section contains the further provisions: “After investigation which shall be completed within thirty days, the contract shall be awarded by such owner to the lowest bidder, or bidders.” The relator strongly relies upon this language and contends that inasmuch as thirty days were permitted to elapse without any action being taken, the superintendent of the depart
 
 *312
 
 ment of public works has no alternative except to award tbe contract to relator, it being lowest bidder.
 

 If there were no other provisions in the general statutes, relator’s contentions might prevail. On the other hand, Section 2320, which was enacted concurrently with 2319, and therefore
 
 in pari materia,
 
 provides:
 

 “If in the opinion of such owner, the acceptance of the lowest bid or bids is not for the best interests of the state, with the written consent of the state building commission, they may accept, in their discretion, another proposal so opened or reject all proposals, and advertise for other bids,” etc.
 

 The very general language of Section 2319 must be held to be limited and qualified by the specific provision found in Section 2320. This court may not award the writ of mandamus to compel the superintendent of the department of public works to award a contract to a particular bidder, unless a clear legal duty is imposed upon the superintendent by law. “Owner” is defined by Section 2314, General Code, as ‘‘ each officer, board or other authority, upon whom devolves the duty of constructing, erecting, altering, or installing the same.” The “owner” is therefore the superintendent of the board of public works, and if in the opinion of the superintendent the acceptance of the lowest bid is not for the best interest of the state, there is not a clear legal duty devolving upon him to award the contract to such lowest bidder. He may still secure the written consent of the state building commission either to award the contract to another bidder or to reject all proposals and advertise for other bids. It cannot, therefore, be said that the general statutes alone impose a
 
 *313
 
 clear legal duty upon the superintendent to act in accordance with the prayer of this petition.
 

 There is another angle to the controversy, which commands our attention. The appropriation of funds for the construction of the power house and equipment for Longview Hospital was made by the Eighty-Eighth General Assembly, the act becoming effective,February 26, 1929. One of the provisions of the act of the General Assembly making the appropriation is as follows:
 

 “If the order and invoice drawn against any appropriation herein is made for labor and material * * * it shall set forth in itemized form * * * and shall show that the same was furnished or purchased pursuant to competitive bidding and that the lowest and best bidder was awarded the contract, unless the controlling board shall have authorized the furnishing of such labor or material or the purchase of such commodities without competitive bidding. * * * If the controlling board consents to such method (force account) and certifies such consent in writing to the auditor of state and the director of finance in duplicate, Sections 2314 to 2330, inclusive, of the General Code, shall be deemed not to apply to that part of such work to be done by force account.”
 

 It is apparent that by submitting to competitive proposals it was not intended to do the work or any part of it by force account. It must therefore be determined what force shall be given to this provision of the appropriation act.
 

 It is plain that Sections 2314 to 2330 do govern the manner of advertising for proposals and making the contract and, later, the execution of the work.
 
 *314
 
 It does not follow that where there is a conflict between the appropriation statute and the general statutes that the general statutes must still control. The appropriation act is not only special in character, but later in point of time of enactment. The authorities are therefore quite uniform that special provisions, and more especially those which are enacted later than general provisions, must control. The case most nearly parallel is
 
 State, ex rel. Stellar,
 
 v.
 
 Zangerle, And.,
 
 100 Ohio St., 414, 126 N. E., 413. The first paragraph of the
 
 per curiam
 
 opinion states:
 

 “A special statute covering a particular subject-matter must be read as an exception to a statute covering the same and other subjects in general terms. ’ ’
 

 The same principle has been applied in. numerous other decisions of this court, among which may be mentioned
 
 Flury
 
 v.
 
 Central Publishing House of Reformed Church of U. S.,
 
 118 Ohio St., 154, 160 N. E., 679;
 
 Perkins
 
 v.
 
 Bright,
 
 109 Ohio St., 14, 141 N. E., 689, and
 
 Northwestern Ohio Natural Gas Co.
 
 v.
 
 City of Tiffin,
 
 59 Ohio St., 420, 54 N. E., 77. This principle is so well settled that further citation of authority is unnecessary. That the principle is applicable to the present controversy cannot seriously be questioned. The appropriation act of 1929 therefore gives ample authority to the superintendent of the department of public works to award the contract to the lowest and best bidder without invoking the aid of Section 2320, General Code.
 

 The relator prays that the superintendent be commanded by the peremptory writ of mandamus to
 
 *315
 
 award the contract to it. For the reasons already stated, the writ must be denied.
 

 Another serious question is presented by this record, which the court is not in this instance called upon to decide. The language of Section 2319, above quoted, may very well indicate a legislative intent that if the superintendent does not complete his investigations within thirty days he loses jurisdiction to award the contract to any of the bidders. It is suggested that the lowest bidder, or any bidder to whom the contract might be awarded after the thirty-day limitation, would not be compelled to enter into a contract in accordance with his proposal. This being true, the superintendent would be put in the unfortunate situation of being compelled to award the contract to the lowest bidder, while such bidder might be in position to refuse to accept the contract.
 

 Writ denied.
 

 Day, Alken, Kinkade and Robinson, JJ., concur.