Bevis, J.
 

 The facts in this case necessitate the construction of Section 2316 and Section 2365-3, General Code. Both appear in Chapter 1 of Title IX of the
 
 *426
 
 General Code of Ohio. Chapter 1 is entitled: “Building Regulations”.
 

 Section 2316, General Code, appears under the subtitle, “State Buildings”, and reads as follows:
 

 “The bond provided for in sections 2315 and 2319 shall be conditioned that, if his proposal is accepted, the bidder will within ten days next after the awarding of such contract, enter into a proper contract in accordance with the proposal, plans, details, specifications and bills of material and that he will faithfully perform each and every condition of the same. Such bond shall also indemnify the state against the damage that may be suffered by failure to perform such contract according to the provisions thereof, and in accordance with the plans, details, specifications and bills of material therefor. Such bond shall also be conditioned for the payment of all material and labor furnished for or used in the construction for which such contract is made. The bond may be enforced against the person, persons or company executing such bond, by any claimant for labor or material and suit may be brought on such bond in the name of the State of Ohio on the relation of the claimant within one year from the date of delivering or furnishing such labor or material, in the court of common pleas of the county wherein such labor or material was furnished or delivered, and such bonds, or sureties thereon shall not be released by the execution of any additional security, notes, retentions from estimates, or other instrument on account of such claim, or for any reason whatsoever, except the full payment of such claim for labor or material.”
 

 Section 2365-3, General Code, appears under the subtitle, “General Provisions”, and reads as follows:
 

 “Any person, firm or corporation to whom any money shall be due on account of having performed any labor, or furnished any material in the construction, erection, alteration or repair of any such build
 
 *427
 
 ing, work or improvement, at any time after performing such labor or furnishing such material, but not later than ninety days after the acceptance of such building, work or improvement by the duly authorized board or officer, shall furnish the sureties on said bond, a statement of the amount due to any such person, firm or corporation. No suit shall be brought against said sureties on said bond until after sixty days after the furnishing of said statement. If said indebtedness shall not be paid in full at the expiration of said sixty days, said person, firm or corporation may bring an action in his own name upon such bond, as provided in sections 11242 and 11243 of the General Code, said action to be commenced not later than one year from the date of acceptance of said building, work or improvement.”
 

 Both sections were enacted by the 82nd General Assembly. Section 2316, General Code, was part of an act passed March 20th, 1917 (107 Ohio Laws, 453). Section 2365-3, General Code, was part of an act passed March 21st, 1917 (107 Ohio Laws, 642). Of these two acts the former applies only to state improvements, while the latter applies to state and also to county, city, township and school improvements.
 

 Section 2316, General Code, provides that action “may be brought on such bond in the name of the state of Ohio on the relation of the claimant within one year from the date of delivering or furnishing such labor or material, in the court of common pleas of the county wherein such labor or material was furnished or delivered, * * *.”
 

 Section 2365-3, General Code, provides that “said person, firm or corporation may bring an action in his own name upon such bond, as provided in sections 11242 and 11243 of the General Code, said action to be commenced not later than one year from the date of acceptance of said building, work or improvement.”
 

 It thus appears that Section 2316, General Code,
 
 *428
 
 establishes a limitation of one year from the date of furnishing the material, whereas Section 2365-3, General Code, permits suit not later than one year from the acceptance! of the building, work or improvement. Section 2316, General Code, provides that the action be brought in the county where the material was delivered, whereas Section 2365-3, General Code, is silent as to the place of bringing suit.
 

 By their terms both the act of March 20th, 1917, and the act of March 21st, 1917, apply to state projects. Longview State Hospital is an institution belonging to the state of Ohio, and the power house in question is for the use of the state.
 

 This court has already held that Sections 2314 to 2330, General Code, were not repealed in their entirety by Sections 2365-2 and 2365-3, General Code.
 
 State, ex rel. Fleischer Engineering & Construction Co.,
 
 v.
 
 State Office Building Commission,
 
 123 Ohio St., 70, 174 N. E., 8.
 

 This court also held that Sections 2314 to 2330, General Code, governed “the manner of advertising for proposals and making the contract” for this particular job at Longview Hospital.
 
 State, ex rel. Elliott Co.,
 
 v.
 
 Connar, Supt.,
 
 123 Ohio St., 310, 175 N. E., 200.
 

 It is apparent that the bond in question was offered and accepted as a combination bid bond and contract bond, and we see no reason why such combined bond should not be given.
 

 If Sections 2316 and 2365-3, General Code, are both in force, and if both apply to the transaction in question, how are they to be reconciled? We see only one point of irreconcilable difference. Section 2316, General Code, limits the time of bringing suit on the bond to one year from the delivery of the material, while Section 2365-3, General Code, permits suit within one year from the acceptance of the work. Upon this point
 
 *429
 
 we are constrained to hold that the limitation in Section 2316, General Code, was repealed by the provisions of Section 2365-3, General Code. As applied to the same subject matter the two are inconsistent, and in this contingency the later enactment must prevail. This later enactment has, in our opinion, the better reason to support it, and we have no difficulty in reaching the conclusion that the legislature intended the more liberal period of limitation.
 

 As to the place of bringing the action, however, there is no real conflict. The effect of the language of Section 2316, General Code, is that the action must be brought in the county where the material was delivered. Section 2365-3, General Code, by its silence on the subject, leaves the claimant free to sue wherever he can obtain service.
 

 “A
 
 special statute covering a particular subject-matter must be read as an exception to a statute covering the same and other subjects in general terms.”
 
 State, ex rel. Elliott Co.,
 
 v.
 
 Connar, supra,
 
 at page 314;
 
 State, ex rel. Steller et al., Trustees,
 
 v.
 
 Zangerle, Aud.,
 
 100 Ohio St., 414, 126 N. E., 413. Applying this principle it is clear that the special provision as to the place of bringing suit in Section 2316, General Code, must prevail over the general language of Section 2365-3, General Code. This construction, in our opinion, also results in the better rule. To permit suit upon such a bond to be filed in every county in the state would not only vex and harass the defendant company and the state officials involved, but would also, in many cases, render much more difficult the marshalling of claims against the fund.
 

 In our opinion, therefore, the law allowed a period of one year from the time of the acceptance of the power house by the state within which suit might be brought, but required that such suit be brought only in Hamilton county where the material was delivered.
 
 *430
 
 The judgment of the Court of Appeals will be reversed and that of the Court of Common Pleas affirmed.
 

 Judgment of the Court of Appeals reversed and that of the Common Pleas Court affirmed.
 

 Stephenson, Jones, Matthias and Wilkin, JJ., concur.
 

 Weygandt, C. J., and Zimmerman, J., dissent.