THE STATE, EX REL. BROCKER, CITY SOLICITOR, *v.*
RUTTER ET AL.

(Decided March 30, 1935.)

*Messrs. Fitzgibbon, Black & Fitzgibbon* and *Mr. Roy
J. Stone,* for appellants.
*Mrs. Esther H. Brocker* and *Mr. W. H. Deffenbaugh,*
for appellees.

SHERICK, J. This is purely a statutory action for an
injunction against the defendants under the provisions
of Section 13195-1, General Code, known as the Pad-
lock Law. It is averred in the petition that the defend-
ant, Edward C. Rutter, is the owner of certain real
estate, leased to and now occupied by the remaining
defendants; that between the 10th and 22nd of Novem-
ber last six certain sales of beer or intoxicating liquor
were made therein to intoxicated persons in violation
of the Liquor Control Act of Ohio, the provision vio-
lated being Section 6064-22 of the General Code. It is
further said that these sales were made in violation of
law. It is asked that the nuisance be abated and the
premises padlocked for one year from the date of the
court's order.
 Upon final hearing in the trial court the prayer of
the petition was granted, and from this order the de-
fendants appeal. The matter is now submitted to this

court upon a motion to dissolve, vacate or modify the injunction for the reason that the petition does not state facts sufficient to constitute a cause of action. It is therefore apparent that the present hearing amounts to and is in fact a demurrer to the petition.

It will be noted that the petition nowhere alleges that the lessee defendants are duly licensed under the Liquor Control Act. It however appears from an affidavit offered in support of the motion that the lessees are the holders of lawful permits D-1, D-2, D-3, and C-2. This fact is conceded. We shall therefore consider this fact as if it were embodied in the petition, and not as if the lessee defendants were selling intoxicating liquors without having first obtained a permit to do so.

It is strenuously urged that no previous conviction has been alleged, that therein the petition is defective, that nowhere in the statutes of Ohio is it provided that a sale to an intoxicated person shall be a violation of law, and that sub-section 2 of Section 6064-22, General Code, is but a restriction upon permits that have been authorized, which, under Section 6064-25 of the Act, may empower the Department of Liquor Control to revoke the permit or license of the lessee defendants. It is lastly contended that Section 6064-27, General Code, provides in case of revocation for an appeal to the Board of Liquor Control, and that this is a remedy at law which the plaintiff should have pursued before resorting to equity for relief.

The first objection may be quickly disposed of with the remark that neither Section 6064-22 nor Section 13195-1 prescribes as a prerequisite that a conviction must be first obtained before either remedy may be invoked. If this were intended the Legislature would clearly have so stated. Section 6064-22 (115 Ohio Laws, pt. 2, 140) reads:

"Sales of beers and intoxicating liquor under any

and all classes of permits authorized by this act * * * shall be subject to the following restrictions, * * * to-wit:

"2. No sales shall be made to an intoxicated person."

Section 6064-25, General Code (115 Ohio Laws, pt. 2, 142), prescribes, that:

"The department of liquor control may revoke any permit issued pursuant to this act for violation of any of the applicable restrictions of this act or of any lawful rule or regulation of the board of liquor control or other sufficient cause, and must revoke any such permit for any of the following causes." (Causes are thereafter named.)

Section 13195-1, General Code, provides in part that:

"Any room * * * or place, where beer or intoxicating liquor is * * * sold * * * in violation of law, and all property kept and used in maintaining the same * * * is hereby declared to be a common nuisance."

"An action to enjoin such nuisance may be brought in the name of the state of Ohio by the attorney general of the state of Ohio or by any prosecuting attorney of any county or any law officer of any municipality or by the department of liquor control."

This section proceeds further to provide that any such action may be brought and tried as an action in equity, and that a proper court may abate the nuisance.

In answering the second and third claimed objections to the petition it is first remarked that Section 13198, General Code, made a sale of intoxicants to an intoxicated person punishable by a fine and imprisonment; but this section was repealed in 1929 by Section 13767-4, General Code (113 Ohio Laws, 687), which states that certain sections of the Ohio Code, including Section 13198, are repealed because they are now

"obsolete, unconstitutional or unnecessary." It will be remembered that the country was then dry. So as it now stands it is not an indictable offense in Ohio to sell intoxicants to an intoxicated person; neither may one now be arrested or convicted upon an affidavit charging a like act.

It may with propriety first be recalled that it is held in *Gabriel Bldg. Co.* v. *State, ex rel. Birrell, Pros. Atty.,* 125 Ohio St., 642, 186 N. E., 5, that the Padlock Law is constitutional, and in the very recent case of *State, ex rel. Wetterstroem,* v. *Department of Liquor Control,* 129 Ohio St., 185, 194 N. E., 372, it is determined that:

"The Liquor Control Act, Section 6064-1 *et seq.,* General Code, is a special, all-inclusive act controlling traffic in intoxicating liquors."

We assume therefrom that the act contains within itself all that is necessary for its complete enforcement. And upon examination it will be perceived that Section 13195-1, General Code, as amended, appears therein, and is a part of Section 62 thereof. It is therefore clear that the Padlock Law was preserved and was intended to become an integral part of the machinery for enforcement of the act. It will be further noted that present Section 13195-1 now prescribes by amendment that "an action to enjoin such nuisance may be brought * * * by the department of liquor control." It is apparent that the act provides three classes of remedies which may be invoked in a proper case as a means to its enforcement. First, criminal action where the same is provided. Second, withdrawal of permits issued where restrictions are violated. And, third, a resort to the Padlock Law. In the presented controversy it appeals to this court that where an act such as this provides different means of enforcing compliance therewith, selection of the remedy to be employed in the particular case lies in the

election of that one designated to enforce its provisions. It seems significant that the Department of Liquor Control is empowered to employ the padlock section. Perhaps it was anticipated that in a future case revocation of a permit might not stop one from trafficking in intoxicants in violation of law. One charged with a breach of the law has no right to complain of the selection of the remedy against him, even though the remedy chosen carries the greater penalty. The fact that the padlock section has its origin in equity does not relegate the enforcing officer to first exhaust the legal remedy afforded; for its purpose is more than the prevention of a wrong for which the law affords no adequate relief. It is punitive in its operation and its accomplished results. It is provided that a bond is dispensed with. The remedy not only abates the nuisance, but impounds the property. It is therefore more than an action in equity to abate a public nuisance.

Is it "in violation of law" for a permit holder to sell beer or liquor to an intoxicated person? We think it is, in view of the purpose and intent of the Liquor Control Act. There is but one Ohio case which considers the meaning of the phrase. In *Hoffrichter* v. *State*, 102 Ohio St., 65, 67 and 68, 130 N. E., 157, this question was made and answer given:

"Does the language 'in violation of law,' as used in Section 13195, include a constitutional law, or must there be a special statute other than Section 13195 on which to predicate this prosecution?

"Under the old constitution the usual practice in the trial of criminal cases under the statute here involved was to show that the place kept was one where intoxicating liquors were sold in violation of some particular statute, such as a sale to a minor, or to persons in the habit of becoming intoxicated, or in dry territory, and the like, and it was for the court to say whether or not

the sales made, under the evidence, were such as to constitute a violation of one or more of the statutes of the state.

"It is conceded that at the time, the state constitution did not generally prohibit the sale of intoxicating liquors as a beverage. The present state constitution, and the federal constitution as well, now prohibit such sales, and the question is whether or not the keeping of a place where such sales are made is 'in violation of law,' agreeable to the statute herein involved.

"It will be noted that the statute itself does not say in violation of some statute, or any statute, but simply 'in violation of law.' The term 'law' is clearly broad enough to comprehend constitutional law as well as statute law, and surely any given act prohibited by the constitution is unlawful, as much so at least as the same act when prohibited by statute. It would be a super-refinement of distinction to say that the sovereign people, as the principal in government, could not make an act as unlawful as their agents, the legislature."

The court further concludes that the constitutional provision did not say that the Legislature may declare the sale of intoxicants to be unlawful, but it directly declared such sale to be unlawful, and was therefore self-executing. The reasoning and conclusion of the *Hoffrichter case* is conclusive of the rule here to be applied, in view of the fact that the then constitutional provision contained no punitive clause, in that an act may be "in violation of law" in a criminal sense even if the statute which prescribes and forbids the act has no punitive provision as a part thereof. It can not be maintained but that Sections 6064-22 and 6064-25, General Code, are statutory laws which forbid a licensee under the Liquor Control Act from doing certain things under penalty of having his permit revoked. And the revocation of a permit is without question

punitive in character. It might deprive one of a substantial portion of the cost of his permit. It would deprive him of his right to engage in the liquor business.

Bouvier defines a penal law as one which inflicts a penalty for its violation, and the same lexicographer adopts the thought found in *Huntington* v. *Attrill,* 146 U. S., 657, 13 S. Ct., 224, 36 L. Ed., 1123, that the words penal and penalty in their strict and primary sense, "denote punishment, whether corporal or pecuniary, imposed and enforced by the State, for a crime or offense against its laws." The Legislature by Section 6064-22, General Code, advised the appellant lessee as a permit holder that it would offend the law if he sold to an intoxicated person. Its companion Section 6064-25 warned it that it might have its permit revoked.

It is the judgment of this court that the licensee committed an act "in violation of law" and that the petition does state a cause of action under Section 13195-1, General Code. The motion to dissolve, vacate or modify the injunction is overruled, and the cause is continued for final hearing.

*Decree accordingly.*

LEMERT and MONTGOMERY, JJ., concur.