## DALLMAN v CAMPBELL et

Ohio Appeals, 1st Dist, Hamilton Co

Decided April 12, 1937

Allen C. Roudebush, Cincinnati, and Harry Abrams, Cincinnati, for appellant.

Dudley Miller Outcalt, Cincinnati, Walter M. Locke, Cincinnati, and I. Jack Martin, Cincinnati, for appellees.

## OPINION

By MATTHEWS, J.

The Common Pleas Court sustained the demurrer of the appellees to the appellant's petition and entered final judgment aaginst her.

The Common Pleas Court found that the petition did not state a cause of action. We are of the opinion that the court was right in so finding.

The appellant, as a taxpayer, sought to enjoin the appellees as county commissioners from awarding a certain road contract, on the ground that the law relating to publishing notice for competitive bids had not been complied with.

In publishing notice, the county commissioners complied with §6945, GC, by publishing notice in a newspaper of general circulation, but did not comply with §6252, GC, requiring certain notices to be published in two newspapers of opposite politics, when two such newspapers of general circulation exist.

The petition contains the necessary allegations if the last named section is applicable to the letting of road contracts by county commissioners.

Sec 6945, GC, found in the chapter of the code relating to "road construction and improvement by county commissioners," is as follows:

"After the commissioners have decided to proceed with said improvement, they

shall advertise for bids once not later than two weeks prior to the date fixed for the letting of contracts in a newspaper published and of general circulation in said county, if there be any such paper published in said county, but if there be no such paper published in said county then in a newspaper having general circulation in said county. The commissioners may also cause advertisements for bids to be inserted in some trade paper or other publication to be designated by them. Such notice shall state that copies of the surveys, plans, profiles, cross-sections, estimates and specifications for such improvement are on file in the office of the county commissioners, and the time within which bids will be received. The county commissioners may let the work as a whole or in convenient sections as they may determine. They shall award the contract to the lowest competent and responsible bidder. The contract shall be let upon the basis of lump sum bids, unless the commissioners order that the same be let upon the basis of unit price bids, in which event it shall be let upon such basis."

Sec 6252, GC, is a part of the chapter relating to "legal advertising," and is as follows:

"A proclamation for an election, an order fixing the times of holding court, notice of the rates of taxation, bridge and pike notices, notice to contractors and such other advertisements of general interest to the taxpayers as the auditor, treasurer, probate judge or commissioners may deem proper, shall be published in two newspapers of opposite politics at the county seat, if there be such newspapers published thereat. In counties having cities of eight thousand inhabitants or more, not the county seat of such counties, additional publication of such notices shall be made in two newspapers of opposite politics in such city. This chapter shall not apply to the publication of notices of delinquent tax and forfeited land sales."

One rule of statutory construction applicable to these two sections is that a statute relating to a specific subject controls a general statute which includes the specific subject in the generality of its terms. Glassell Development Co. v National Bank, 28 A.L.R. 1427. 25 R.C.L. 929. Of course, the applicability of this rule is not dependent in any way on the time of the enactment of such statutes. State v Preston, 23 A.L.R. 414. That §6945, GC, is a special statute within this rule there can be no doubt. 37 Ohio Jur. 315.

Another rule is that the later statute expresses the intent of the legislature in the event of conflict with a prior statute.

Of course there is no occasion for invoking these rules unless there is an inconsistency or conflict between the specific statute and the general statute.

Is there such a conflict between the terms of these two sections? A reading of them convinces us that there is.

As we have quoted the sections and pointed out their respective settings in the General Code, we do not deem it necessary to enter into a detailed analysis to demonstrate their inconsistency. Suffice it to say that the county commissioners could not comply with the literal provisions of both sections. Compliance with §6945, GC, falls short of compliance with §6252, GC, and compliance with the latter section involves acts finding no warrant in the former section.

For these reasons, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.