The State, ex rel. Kearns, Prosecuting Attorney, *v.* Rindsfoos et al.

(No. 4908—Decided May 22, 1953.)

*Messrs. Herbert & Dombey, Mr. C. Richard Grieser* and *Mr. William E. Knepper,* for relator.

*Mr. Paul R. Gingher, Mr. Luther L. Boger* and *Mr. Rodney B. Baldwin,* for respondents.

*Per Curiam.* This is an action in quo warranto, originating in this court and presenting the question of whether the respondents were legally elected as directors of the Brunson Bank & Trust Company, a banking corporation organized and incorporated under the laws of Ohio, and doing business in Columbus, Ohio. The relator contends that the respondents are usurping the offices of the directors and should be

ousted. To the petition, the respondents have filed an answer admitting the essential allegations of the petition.

The matter is submitted to the court on the motion of the relator for judgment on the pleadings. A question of law only is presented.

The question for determination is: Is cumulative voting permissible by stockholders of a banking corporation organized under the laws of Ohio?

Cumulative voting was not permitted at common law. *State, ex rel. Baumgardner,* v. *Shockley,* 45 Ohio St., 304, 306, 13 N. E., 279. Relator contends that cumulative voting by a stockholder of a state bank is permitted by certain controlling statutory provisions.

Section 710-52, General Code (part of the banking act), provides:

"Such corporations shall be created, organized, governed and conducted, and directors shall be chosen in all respects in the same manner as provided by law for corporations organized under the general incorporation laws of this state, in so far as the same shall not be inconsistent with the provisions of this act."

Section 710-64, General Code, in part, provides:

"Except as otherwise provided in the articles of incorporation, in elections of directors and in deciding questions at meetings of stockholders, each stockholder of an incorporated bank shall be entitled to one vote for each share of stock held by him. Any stockholder may vote by proxy duly authorized in writing."

The articles of incorporation of the Brunson Bank & Trust Company do not provide for cumulative voting. The question presented would be easily resolved but for certain statutory provisions in the general corporation act.

Section 8623-132, General Code, in part, provides:

"In cases where special provision is made in the General Code for the incorporation, organization, conduct or government of any class of corporations, such special provision shall govern to the exclusion of the provisions of this act on the same subject, unless it clearly appears that the special provision is cumulative, in which case the provisions of this act also shall apply."

Section 8623-50, General Code, in part, provides:

"Except as otherwise provided in the articles (or in the provisions of this act respecting script), every shareholder of record as of the day next preceding the date of the meeting or, if a record date for the determination of persons entitled to vote thereat is fixed as in this act provided, of record as of said date, shall be entitled at such meeting to one vote for each share then standing in his name on the books of the corporation."

Section 8623-50a, General Code, in part, provides:

"If notice in writing is given by any shareholder to the president or a vice president or the secretary, not less than twenty-four hours before the time fixed for holding a meeting for the election of directors, that he desires that the voting at such election shall be cumulative, and if an announcement of the giving of such notice is made upon the convening of the meeting by the chairman or secretary or by or on behalf of the shareholder giving such notice, each shareholder shall have the right to cumulate such voting power as he possesses and to give one candidate as many votes as the number of directors to be elected multiplied by the number of his votes equals or to distribute his votes on the same principle among two or more candidates, as he sees fit.

"Such right to vote cumulatively shall not be re-

stricted or qualified by any provisions in the articles
or regulations.''

In the case at bar, the requisite notice was given by
the relator, requesting a cumulative vote.

Relator contends that these sections of the general
corporation act supplement the pertinent sections of
the banking act; that the provisions of these sections
relating to the election of directors are not inconsist-
ent; and that the provision authorizing cumulative
voting as provided in the general corporation act is
applicable to state banks.

The sections controlling state banks are special stat-
utes and are so regarded in Section 8623-132, General
Code. It is a well established rule of statutory con-
struction that a special statute upon the same sub-
ject matter controls over a general one. *Western &
Southern Indemnity Co.* v. *Chicago Title & Trust Co.,*
128 Ohio St., 422, 191 N. E., 462; *Andrianos* v. *Com-
munity Traction Co.,* 155 Ohio St., 47, 97 N. E. (2d),
549. Section 710-64, General Code, is a special statute
and expressly provides for the election of directors.
This section authorizes straight voting. The cumula-
tive system of voting authorized under the general
corporation act is inconsistent therewith. The special
provision relating to voting found in Section 710-64,
General Code, does not confer an alternative or cumu-
lative right on a stockholder as provided in Section
8623-132, General Code, but is an exclusive provision.
In *State, ex rel. Baumgardner,* v. *Shockley, supra.* the
court held that the right to cumulative voting must be
expressly conferred by statute. With respect to state
banks, the Legislature has not seen fit to do so. In
the Ninety-Eighth General Assembly of Ohio, 1949-
1950 session, senate bill No. 71 was introduced, which
would have amended Section 710-64, General Code, to

provide for cumulative voting. The portion sought to be added to Section 710-64, General Code, by the bill was in the identical language of the cumulative voting provision found in Section 8623-50*a*, General Code. The bill failed of passage.

Three attorneys general have ruled that cumulative voting by a stockholder in a state bank is not permitted. See Vol. 1 Opinions of Attorney General (1914), 445, No. 856; and Vol. 2 Opinions of Attorney General (1916), 1804, No. 2050. In 1935, the Honorable John W. Bricker advised the Superintendent of Banks that he concurred in the previous opinions of Honorable Timothy S. Hogan and Honorable Edward C. Turner. A like ruling appears to have been made by the Common Pleas Court of Hamilton County in 1945 in *Fagaly* v. *Farmers State Bank,* case No. A-114777, which was affirmed by the Court of Appeals for Hamilton county in 1950 in case No. 7209, both which are unreported.

The motion of relator for judgment on the pleadings is overruled.

*Judgment accordingly.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.