Lamneck, J.
The sole question to be determined in this appeal is whether cumulative voting by shareholders of a state banking corporation is authorized under the laws of Ohio.
Sections 710-52 and 710-64, General Code (Sections 1103.42 and 1103.20, Revised Code), which are parts of the Banking Act, read as follows :
Section 710-52. “Such corporation shall be created, organized, governed and conducted, and directors shall be chosen in all respects in the same manner as provided by law for corporations organized under the *62 general incorporation laws of this state, in so far as the same shall not be inconsistent with the provisions of this act.”
Section 710-64. “Except as otherwise provided in the articles of incorporation, in elections of directors and in deciding questions at meetings of stockholders, each stockholder of an incorporated bank shall be entitled to one vote for each share of stock held by him. Any stockholder may vote by proxy duly authorized in writing. Unless the articles of incorporation or the regulations or the contract of or for subscription otherwise provide, a subscriber for authorized shares shall be deemed a stockholder for the purposes of this section, but no shares shall be voted upon which an installment of the purchase price is overdue and unpaid.”
Sections 8623-50, 8623-50a and 8623-132, General Code (Sections 1701.57, 1701.58 and 1701.20, Revised Code), which are parts of the General Corporation Act, read as follows:
Section 8623-50. “Except as otherwise provided in the articles (or in the provisions of this act respecting script), every shareholder as of record of the day next preceding the date of the meetings or, if a record date for the determination of persons entitled to vote thereat is fixed as in this act provided, of record as of said date, shall be entitled at such meeting to one vote for each share then standing in his name on the books of the corporation.
“A shareholder shall be entitled to vote even though his shares have not been fully paid, but shares upon which an installment of the purchase price is overdue and unpaid shall not be voted.”
Section 8623-50a. “At a meeting of shareholders at which directors are to be elected, only persons nominated as candidates shall be eligible for election as directors.
*63 “At all elections of directors the candidates receiving the greatest number of votes shall be elected.
“If notice in writing is given by any shareholder to the president or a vice president or the secretary, not less than twenty-four hours before the time fixed for holding a meeting for the election of directors, that he desires that the voting at such election shall be cumulative, and if an announcement of the giving of such notice is made upon the convening of the meeting by the chairman or secretary or by or on behalf of the shareholder giving such notice, each shareholder shall have the right to cumulate such voting power as he possesses and to give one candidate as many votes as the number of directors to be elected multiplied by the number of his votes equals or to distribute his votes on the same principle among two or more candidates, as he sees fit.
“Such right to vote cumulatively shall not be restricted or qualified by any provisions in the articles or regulations.”
Section 8623-132.' “In cases where special provision is made in the General Code for the incorporation, organization, conduct or government of any class of corporations, such special provision shall govern to the exclusion of the provisions' of this act on the same subject, unless it clearly appears that the special provision is cumulative, in which case the provisions of this act also shall apply.
“No banking, safe deposit, trust or insurance corporation shall be authorized to issue shares without par value.”
There is no provision in the articles of incorporation of the Brunson Bank & Trust Company authorizing cumulative voting.
Whether cumulative voting by shareholders of a state banking corporation is permissible, where no provision therefor is made in the articles of incorpora *64 tion, depends upon the interpretation of the foregoing statutes.
Under Sections 710-52 and 710-64, General Code (Sections 1103.42 and 1103.20, Revised Code), which are parts of the Banking Act, “directors shall be chosen in all respects in the same manner as provided by law for corporations organized under the general incorporation laws of this state, in so far as the same shall not be inconsistent with the provisions of this act,” and “in elections of directors * * * each stockholder of an incorporated bank shall be entitled to one vote for each share of stock held by him.”
In Sections 8623-50 and 8623-50a, General Code (Sections 1701.57 and 1701.58, Revised Code), which are parts of the General Corporation Act, it is provided that “every shareholder * * * shall be entitled at such meeting (shareholders meeting) to one vote for each share,” and that “if notice in writing is given by any shareholder * * * that he desires that the voting at such election shall be cumulative * * * each shareholder shall have the right to cumulate such voting power as he possesses.”
The relator contends that Section 710-64, General Code (Section 1103.20, Revised Code), is silent as to the subject of cumulative voting in the election of directors, and that the provision of Section 8623-50a, General Code (Section 1701.58, Revised Code), which permits cumulative voting, therefore, applies.
The respondents contend that the state banking statutes are special statutes containing specific provisions governing the election of directors, and that their provisions control over general provisions in the General Corporation Act.
It is provided in Section 8623-132, General Code (Section 1701.20, Revised Code), that a special provision in the General Code (Revised Code), governing *65 the conduct or government of any class of corporations, “shall govern to the exclusion of the provisions'1 ’ of the General Corporation Act “on the same subject unless it clearly appears that the special provision is cumulative. ’ ’
In this case we are asked to give effect to a provision of the General Corporation Act as a supplement to a subject specifically covered in the Banking Act, which is the reverse of a situation that the cumulative provision of Section 8623-132, General Code (Section 1701.20, Revised Code), was intended to cover.
If no specific provision is made with respect to any matter concerning the incorporation, organization, conduct or government of corporations, operating under special statutes, the provisions of the General Corporation Act apply.
However, if the right of shareholders to vote in the election of directors of a corporation is fully covered by the provisions of a special act, such provisions operate to the exclusion of the provisions in the General Corporation Act governing the voting right of shareholders generally.
The Banking Act contains specific provisions, complete in themselves, governing the voting right of shareholders and the casting of votes in the election of directors. There is no provision in the Banking Act authorizing cumulative voting in the election of directors. The right of cumulative voting does not exist unless it is expressly authorized by statute. See State, ex rel. Baumgardner, v. Stockley, 45 Ohio St., 304, 13 N. E., 279.
The Banking Act and the General Corporation Act both provide that in the election of directors each shareholder shall be entitled to one vote, unless the articles of incorporation otherwise provide. The provision for cumulative voting in the General Corpora *66 tion Act was intended to supplement the provision in the same act, which provides that each shareholder shall be entitled to one vote.
It was not intended to supplement a provision in the Banking Act, which also provides that in the election of directors each shareholder shall be entitled to one vote. If there were no provision in the Banking Act defining the voting right of a shareholder, then the provisions of the General Corporation Act would apply, including the provision for cumulative voting.
A special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms. See Western & Southern Indemnity Co. v. Chicago Title & Trust Co. et al., Recrs., 128 Ohio St., 422, 191 N. E., 462, and Andrianos v. Community Traction Co., 155 Ohio St., 47, 97 N. E. (2d), 549.
Section 710-64, General Code (Section 1103.20, Revised Code), is a special and explicit statute, and, so far as it relates to the right of a shareholder to vote in the election of directors of a state banking corporation and to the method of exercising that right, it operates to the exclusion of the general provisions of Sections 8623-50 and 8623-50a, General Code (Sections 1701.57 and 1701.58, Revised Code), which define the voting right and the method of exercising that right in the election of directors for corporations generally. See Opdyke v. Security Savings & Loan Co., 157 Ohio St., 121, 105 N. E. (2d), 9, and State v. Fremont Lodge, 151 Ohio St., 19, 84 N. E. (2d), 498.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Taft, Hart, Zimmerman and Stewart, JJ., concur.