Stewart, J.
There is but one question of law presented to us for decision, to wit, is the amended petition demurrable?
From its face, the amended petition obviously was filed pursuant to the provisions of Section 3180-11, General Code (Section 303.12, Revised Code), which are as follows:
“Amendments or supplements to the zoning resolution may be made in the same manner and for the same purposes provided in this act for the adoption of the original resolution, except that such amendments or supplements may be made without submitting them to a vote of the electors, unless within 30 days after the adoption of the amendment or supplement there is presented to the Board of County Commissioners a petition, signed by a number of qualified voters residing in the unincorporated area of the township or part thereof included in the zoning plan and affected by the amendment or supplement equal to not less than 8 per cent of the total vote cast for all candidates for Governor in such area at the last preceding general election at which a Governor was elected, requesting the Board of County Commissioners to submit the amendment or supplement to the electors of such area for approval or rejection at the next primary or general election. Any person adversely affected by an order of the Board *526 of County Commissioners adopting, amending or rescinding a regulation under the authority of this act may appeal to the Court of Common Pleas of such county on the ground that such Board of County Commissioners failed to comply with the law in adopting, amending, rescinding, publishing, or distributing said regulation, or that said regulation as adopted or amended by the Board of County Commissioners is unreasonable or unlawful or that the revision of the regulation was unreasonable or unlawful.”
That plaintiffs intended to rely upon this section is indicated by their claim in the amended petition that “said resolution is unreasonable and not a proper exercise of police powers” and is otherwise unlawful.
The original petition in the present case was filed 15 days after the order of the county commissioners amending the zoning ordinance, and the Court of Common Pleas held that the demurrer to it should be sustained since no appeal was filed from the order of the commissioners to the Common Pleas Court within 10 days. That court treated the filing of the amended petition as an appeal and held Section 12223-7, (General Code (Section 2505.07, Revised Code), to be applicable. That section provides for a limitation of time within which appeals from various courts may be perfected to higher ones, and that all other appeals shall be perfected within 10 days.
However, Section 2461, G-eneral Code (Section 307.56, Revised Code), provides:
“A person aggrieved by the decision of the county commissioners in any case, may appeal within 15 days thereafter, to the next [sic] Court of Common Pleas, notifying the commissioners of such appeal at least ten days before the time of trial. The notice shall be in writing, and delivered personally to the commissioners, or left with the auditor of the county. At its *527 next session the court shall hear and determine the appeal, which decision shall be final.”
It is obvious that Section 12223-7, General Code (Section 2505.07, Revised Code), is a statute of general application and contains the language, “unless otherwise provided by law,” whereas Section 2461, General Code (Section 307.56, Revised Code), is a statute applying only to an appeal by one aggrieved by an order of a board of county commissioners in any case.
We have held again and again that a special statutory provision which applies to a specific subject matter constitutes an exception to a general statutory provision covering other subjects as well as the specific subject matter which might otherwise be included under the general provision. Acme Engineering Co. v. Jones, Admr., 150 Ohio St., 423, 83 N. E. (2d), 202; State, ex rel. Elliott Co., v. Connar, Supt., 123 Ohio St., 310, 175 N. E., 200; State, ex rel. Steller et al., Trustees, v. Zangerle, Aud., 100 Ohio St., 414, 126 N. E., 413.
It seems obvious, therefore, that Section 2461, General Code (Section 307.56, Revised Code), would be the applicable statute governing an appeal from the county commissioners to the Court of Common Pleas in the present case. However, in the present case no appeal was perfected under either statute.
The action on plaintiffs’ amended petition is an independent one in equity for an injunction.
Plaintiffs in their brief and argument maintain that this is so, and the Court of Appeals so treated the action and stated that where “the change effected by the amendment is arbitrary, unreasonable, and violative of constitutional rights, a court of equity will grant relief in an original action.”
Plaintiffs make no claim that they complied with the appellate procedure under either of the appeal *528 statutes considered above, and in the amended petition it is alleged that there was no adequate remedy at law available to plaintiffs.
The only question then presented to this court is whether plaintiffs were authorized to institute the present action in equity as an alternative to and in place of the appeal provided for by statute.
There is no question here of failure to exhaust administrative remedies before perfecting an appeal to the courts. There is no claim of the omission of any procedural steps and, therefore, the case of State, ex rel. Lieux, v. Village of Westlake, 154 Ohio St., 412, 96 N. E. (2d), 414, is not applicable. That case was a mandamus action brought to compel the village of Westlake to issue a building permit which was refused by the building commissioner on the ground that it violated the zoning ordinance of the village.
The zoning ordinance provided for an appeal to a board of appeals from the order of the commissioner, which was not taken by the relator. This court reversed the judgment of the Court of Appeals granting the writ, for the reason that relator had not exhausted the administrative remedies before bringing his original action.
A case more nearly in point with the present one is that of State, ex rel. Stein, v. Sohngen, Dir., 147 Ohio St., 359, 71 N. E. (2d), 483, in which the relator sought in this court a writ of mandamus commanding the Director of Liquor Control and the Board of Liquor Control to show cause why they should not grant him a liquor permit. The refusal to issue the permit was based on a regulation of the board limiting the number of such permits. This court denied the writ on the ground that an adequate remedy at law was afforded by the Liquor Control Act, which provided for a review of the action of the Director of Liquor Control by an appeal to the Board of Liquor Control and then *529 an appeal to the Court of Common Pleas of Franklin County from an adverse decision of the Board of Liquor Control.
The whole theory of equitable actions is based upon the principle that they are necessary for the attainment of justice in a situation where there is no adequate remedy at law as to an aggrieved person.
By Section 3180-11, General Code (Section 303.12, Revised Code), there is provided a plain and-adequate remedy in the ordinary course of the law by an appeal from the order of the county commissioners to the Court of Common Pleas, which court has full power to grant all the relief fo.r which plaintiffs pray in their amended petition.
It was frankly admitted by plaintiffs in argument that they had full knowledge of all the proceedings before the county commissioners, and, as protestors, participated in the hearings. They allege it was inconvenient for them to appeal from the order of the county commissioners because plaintiffs resided 15 miles away from their attorney. However, mere inconvenience is never an excuse for failure to avail one’s self of a legal remedy.
The Court of Appeals in its opinion cited many cases to support the proposition that an independent action may be brought to test the order of an administrative agency, where constitutional questions are involved. There are cases cited in which attacks on the jurisdiction of administrative boards were made by such independent actions. However, the present case differs from those cited, in that here the jurisdiction of the county commissioners as to the zoning amendment is unchallenged, the claim of plaintiffs simply being that the order rendered was unreasonable, unlawful and violated due process. This claim could be determined only by an examination of the facts upon which the county commissioners based their order, and that is *530 a question which could be fully litigated upon the appeal provided for by statute.
Since plaintiffs had a plain adequate remedy at law by which the questions raised in their amended petition could be adjudicated, and since they were not entitled to equitable relief upon their claim that they were without such an adequate legal remedy, the Court of Common Pleas was not in error in sustaining the demurrer to the amended petition.
It follows that the judgment of the Court of Appeals must be and it, hereby, is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Taft, JJ., concur.