THE STATE, EX REL. FISCHER CONSTRUCTION CO., *v.* LINZELL.

220

(No. 5384—Decided December 12, 1955.)

*Mr. Sol Goodman* and *Mr. Robert C. Tyler,* for relator.
*Mr. C. William O'Neill,* attorney general, and *Mr. Hugh E. Kirkwood, Jr.,* for respondent.

HORNBECK, J. This cause is submitted on a demurrer to the petition, the demurrer consisting of two branches:

1. The allegations included in the petition do not constitute a cause of action.

2. The court does not have jurisdiction of the subject of the action.

The material averments of the petition are: That relator, a construction contractor, pursuant to advertisement of the Director of Highways requesting bids, bid on the construction of 7.950 miles of road on Ohio State Route No. 4 in Butler County. Ohio, being project 465 on the records of the Department of Highways, hereinafter in this opinion called the project; that relator's bid was the lowest of all received, was below the estimate of the department and was the lowest competent and responsible qualified bidder; that, although relator had been prequalified as a competent and responsible bidder in an amount of approximately $7,000,000, and such qualification was in full force and effect when the bids were opened and at the time of the filing of the petition, the respondent entered an order awarding the contract for the construction of the project to the second lowest bidder; and that respondent's failure and refusal to award the contract to construct the project is illegal, arbitrary, capricious, unreasonable, an abuse of discretion and contrary to the laws and Constitution of the state of Ohio.

In support of the second branch of the demurrer, it is urged that mandamus is not the proper procedure to test the validity of the action of respondent. We hold against this contention. If relator's petition states a cause of action, it follows that it is the clear duty of respondent to award the contract un-

der consideration to the relator, and mandamus is the proper form of action. *State, ex rel. Ross,* v. *Board of Education,* 42 Ohio St., 374.

The second branch of the demurrer will be overruled.

Two propositions are urged by respondent in support of the first branch of the demurrer.

1. It is urged that by the first sentence of Section 5525.16, Revised Code, the director had the right to reject "any bid."

The action of the respondent which is questioned here was not a rejection of relator's bid. It was not an exclusion of his bid. His bid was considered. A rejection is a refusal to consider a bid. 33 Ohio Jurisprudence, 716, Section 62; *State, ex rel. Office Specialty Mfg. Co.,* v. *Betts,* 4 C. C., 86, 92, 2 C. D., 434.

2. It is urged that the test as to the bidder to whom the award should be made in this case is found in Section 8 of Amended House Bill No. 929, the General Appropriation Act of June 24, 1955, hereinafter referred to in this opinion as the Appropriation Act. Section 8 of the Appropriation Act provides:

"If any order or invoice drawn against any appropriation or rotary fund herein made is for labor and materials furnished, the aggregate cost of which exceed[s] * * * ($1000) * * * it shall show * * * that the *lowest or best bidder* was awarded the contract * * *." (Emphasis ours.)

The general provisions of the Code as to the procedure in the letting of a contract by the Director of Highways is found in Sections 5525.01 to 5525.19, inclusive, Revised Code. The specific section upon which relator relies and under which his petition is drawn, is Section 5525.01, which, after providing for advertisement for bids by the director, before entering into the contract, preliminary bond by bidder, the furnishing of certain information by a bidder, then reads:

"The director shall award the contract to the lowest competent and responsible bidder qualified to bid under Sections 5525.02 to 5525.09, inclusive, of the Revised Code."

The relator was qualified to bid and held a certificate to that effect from the director as provided in Section 5525.04.

Chapter 5525 of the Code, Construction Contract, is, in

many of its parts, comparatively new legislation, having become effective October 11, 1945. Of the many cases, since the enactment of the foregoing legislation and in the light of the qualifications required of and certified to by the director, cited by respondent, none treats of the meaning of "lowest and best bidder."

The Appropriation Act, being special legislation enacted subsequent to Section 5525.01, Revised Code, must control as to the qualifications of the bidder to which payment shall be made for work and materials furnished under an award of a construction contract made by the director (*State, ex rel. Elliott Co., v. Connar, Supt.,* 123 Ohio St., 310, 175 N. E., 200), and such award is to be to the "lowest or best bidder."

The relator premises its right to relief squarely upon the facts pleaded in its petition and upon the averment that it is the lowest competent and responsible bidder and that Section 5525.01, Revised Code, controls, and not that it is the lowest and best bidder. Whether the expressions are synonymous, or to all intents have the same effect, we do not consider, because that theory of the case is not presented by the petition, argued orally or by the briefs.

We, therefore, sustain the demurrer on the first branch thereof, and relator will be given ten days within which to file an amended petition, if it cares to do so.

*Demurrer sustained.*

MILLER, P. J., concurs.
WISEMAN, J., not participating.