Stewast, J.
The sole question which we are called upon to decide is whether plaintiffs, assuming the facts stated in their petition to be true, as we must do upon demurrer, are entitled to injunctive relief.
Section 713.13, Revised Code, reads as follows:
“No person shall erect, construct, alter, repair, or maintain any building or structure or use any land in violation of any zoning ordinance or regulation enacted pursuant to Sections 713.06 to 713.12, inclusive, of the Revised Code, or Section 3 of Article XVIII, Ohio Constitution. In the event of any such violation, or imminent threat thereof, the municipal corporation, or the owner of .any contiguous or neighboring property who would be especially damaged by such violation, in addition to any other remedies provided by law, may institute a suit for injunction to prevent or terminate such violation. ’ ’
Plaintiffs claim that their rights to injunction flow directly from this statute. Their petition states that defendant and its contractor are guilty of the violation or imminent threat thereof, that plaintiffs are the owners of contiguous property and will be irreparably harmed by such violation, and that, therefore, the statute squarely covers their situation.
*152 Defendant contends, however, and the Court of Appeals agrees with it, that the Eggers case, supra (162 Ohio St., 521), is authority for the proposition that, since plaintiffs had a right of appeal from the order of the Youngstown Zoning Board of Appeals to the Court of Common Pleas, they were not authorized to bring an independent action to enjoin the carrying out of the order of the board.
We are of the opinion that the Eggers case has no application to the situation presented in the instant case.
In the Eggers case the county commissioners of Hamilton County passed a rural zoning resolution which was submitted to the voters of the townships and favorably voted upon by the voters of Sycamore Township. The county and townships were divided into districts, including residential “A,” residential “B,” residential “C,” retail business “D,” light industry “F,” heavy industry “G,” and resort “H.”
An application for a zone change was filed with the Zoning Commission, seeking a change of certain property from the original residential classification to industrial “G.” Hearings were held in accordance with law, and the application came before the county commissioners with recommendations from the Zoning Commission and the Hamilton County Regional Planning Commission. A hearing on the application was held by the county commissioners and they passed a resolution approving the change. Thereupon an action for injunction was brought against the county commissioners with the claim that they acted arbitrarily and capriciously, and that unless the court intervened the zoning amendment would become effective.
There was no question in the Eggers case concerning the erecting, constructing, altering, repairing or maintaining of any building or structure or the use of any land in violation of any zoning ordinance or regulation, and, therefore, the provisions of Section 713.13, Revised Code, were not involved. The action was based upon a claimed right to general equitable relief by injunction.
This court held that, since there was a special statute— Section 2461, General Code (Section 307.56, Revised Code)— which provides that a person aggrieved by the decision of the county commissioners in any case may appeal to the Court of Common Pleas, and since all the questions with which the plain *153 tiffs were concerned could be determined in such an appeal under the special statute providing for it, that statute furnished the exclusive remedy available to such plaintiffs.
The first paragraph of the syllabus in that case reads as follows:
“Where an administrative agency has jurisdiction to make an order in a matter pending before it, and a right of appeal from such order to the Court of Common Pleas is provided by law to any person adversely affected thereby, such person is not authorized to bring an independent action in equity to enjoin the carrying out of such order, where the grounds relied upon in seeking the injunction are such as could be fully litigated in the appeal authorized by law.”
In the present case, the claim of plaintiffs is that the Youngstown Board of Zoning Appeals had no jurisdiction to make the order which it did, and that, since, as a result of such order, there is being erected a building in violation of the Youngstown zoning ordinance, and since the plaintiffs, as owners of contiguous property, will be irreparably damaged by such violation, and since Section 713.13, Revised Code, under such circumstances, gives plaintiffs a remedy by an action for injunction, in addition to any other remedies provided by law, such section constitutes a special statute which applies to the specific subject matter with which plaintiffs are concerned and, therefore, they may proceed under it.
The Court of Appeals held that plaintiffs are not entitled to bring an action for injunctive relief, for the reason that they could have appealed under the general appellate statutes.
Section 2505.03, Revised Code, the statute relied upon as providing an adequate remedy at law for plaintiffs, reads as follows:
“Every final order, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as provided in Sections 2505.04 to 2505.45, inclusive, of the Revised Code, unless otherwise provided by law * *
Sections 2505.04 to 2505.45 provide the manner of prosecuting an appeal. They are general statutes covering appeals from judgments of courts and orders of administrative bodies.
It has many times been held by this court that a special stat *154 utory provision which applies to specific subject matter constitutes an exception to a general statutory provision covering other subject matter as well as the specific subject matter. State, ex rel. Steller et al., Trustees, v. Zangerle, Aud., 100 Ohio St., 414, 126 N. E., 413; State, ex rel. Elliott Co., v. Connar, Supt., 123 Ohio St., 310, 175 N. E., 200; Acme Engineering Co. v. Jones, Admr., 150 Ohio St., 423, 83 N. E. (2d), 202.
We are of the opinion that, since Section 2505.03 provides for an appeal from every final order, judgment, or decree of a court and from a final order of any administrative tribunal, unless otherwise provided by law, and since Section 713.13, Revised Code, is a provision of law, otherwise provided, with reference to the erection of a building in violation of a zoning ordinance, and since such section is a special statute covering the particular situation with which the present case is concerned and, therefore, applicable over any general statute, plaintiffs are entitled to proceed thereunder.
It follows that the judgment of the Court of Appeals must be, and it hereby is, reversed, and the cause is remanded to that court with directions to overrule the demurrer and proceed with a trial de novo on the appeal from the Court of Common Pleas.

Judgment reversed and cause remanded.

Weygandt, C. J., Zimmerman, Bell, Taft, Matthias and HERBERT, JJ., concur.