THE STATE, EX REL. MACDONALD, APPELLANT, *v.* THE SHAWNEE COUNTRY CLUB, INC., ET AL., APPELLEES.

[Cite as State, ex rel. MacDonald, v. Shawnee Country Club, 20 Ohio App. 2d 37.]

(No. 1381—Decided October 8, 1969.)

*Mr. William C. Vandemark*, for appellant.

*Mr. John A. Robenalt*, for appellees.

GUERNSEY, J. This appeal is from a judgment of the Common Pleas Court dismissing, without trial, an action brought in the name of the state of Ohio, upon the relation of a citizen of Allen County, to enjoin the respondent country club, its board of governors, officers and members, from maintaining an alleged nuisance on the country club premises by the illegal sale of beer and intoxicating liquor. The relator did not allege any special injury suffered by him by reason of the alleged nuisance different than that suffered by the general public.

The sole issue raised by the appeal is whether the provisions of Section 3767.01 *et seq.*, Revised Code, are applicable to bestow upon a citizen of the county the capacity to maintain an action in the name of the state, on relation of the citizen, to enjoin a nuisance defined solely by Section 4301.73, Revised Code.

Section 3767.01, Revised Code, provides, in pertinent parts, as follows:

"As used in all sections of the Revised Code relating to nuisances:

"'* * *.

"(C) 'Nuisance' means that which is defined and declared by statutes to be such and also means any place in or upon which lewdness, assignation, or prostitution is conducted, permitted, continued, or exists, or any place, in or upon which lewd, indecent, lascivious, or obscene films * * * are photographed, manufactured, developed, screened, exhibited, or otherwise prepared or shown, and the personal property and contents used in conducting and maintaining any such place for any such purpose. * * * ."

Section 3767.03, Revised Code, prescribes:

"Whenever a nuisance exists, the Attorney General, the prosecuting attorney of the county in which such nuisance exists, or any person who is a citizen of such county may bring action in equity in the name of the state, upon the relation of such Attorney General, prosecuting attorney, or person, to abate such nuisance and to perpetually enjoin the person maintaining the same from the further maintenance thereof. * * * ."

Section 4301.73, Revised Code, in pertinent parts, provides as follows:

"Any room, house, building, * * * structure, or place where beer or intoxiating liquor is * * * sold * * * in violation of law, and all property kept and used in maintaining the same, * * * and beer or intoxicating liquor contained in such room, house, building, * * * structure, or place is a common nuisance.

"An action to enjoin such nuisance may be brought in the name of the state by the Attorney General or by any prosecuting attorney of any county or any officer of the law of any municipal corporation or by the Department of Liquor Control.

"Such action shall be brought and tried as an action in equity and may be brought in any court having jurisdiction to hear and determine equity cases. * * *."

"'* * *.''

It appears from the quoted statutes that if the remedy provided by Section 3767.01 *et seq.*, Revised Code, is applicable to a nuisance defined by Section 4301.73, Revised

Code, the relator would have the capacity to maintain this action merely by virtue of statutory authority and notwithstanding that he had not suffered any special damage by reason of the alleged nuisance and had not made demand on any public official to initiate the action. 66 Corpus Juris Secundum 832, Nuisance, Section 78 b.

Sections 4301.73 and 4301.74, Revised Code, are sometimes referred to as the state "Padlock Act" (*Gabriel Bldg. Co.* v. *State, ex rel. Birrell*, 125 Ohio St. 642, and *State, ex rel. Brocker*, v. *Rutter*, 51 Ohio App. 118) and, with the exception of an amendment to apply to beer, as well as to intoxicating liquor, and slight codification amendments as to form, are in substantially the same words as when originally adopted in 1923. 110 Ohio Laws 34.

Section 3767.01 *et seq.*, Revised Code, constitutes the amended version of Section 6212-1, General Code, enacted in 1917 for the purpose of "declaring places in which lewdness, assignation, or prostitution exists to be nuisances and providing for their abatement." 107 Ohio Laws 514. Section 6212-1, General Code, in its form when enacted provided:

"For the purpose of this act the terms place, person, nuisance are defined as follows: place shall include any building, erection, or place or any separate part or portion thereof or the ground itself; person shall include any individual, corporation, association, partnership, trustee, lessee, agent, or assignee; nuisance shall mean any place as above defined in or upon which lewdness, assignation, or prostitution is conducted, permitted, continued, or exists, and the personal property and contents used in conducting and maintaining any such place for any such purpose."

In 1943, as part of an act (120 Ohio Laws 230) "to prohibit persons having in their possession or under their control, selling or otherwise disposing of, or showing of obscene pictures or writings," Section 6212-1, General Code, was amended to read, in pertinent part:

"For the purpose of *all sections of the General Code relating to nuisances* the term place, persons *and* nuisances

are defined as follows: place shall include any building, erection, or place or any separate part or portion thereof or the ground itself; person shall include any individual, corporation, association, partnership, trustee, lessee, agent, or assignee; nuisance shall mean *that which is defined and declared by statute to be such and shall also mean* any place as above defined in or upon which lewdness, assignation, or prostitution is conducted, permitted, continued, or exists, *or any place, in or upon which lewd, indecent, lascivious or obscene films * * * are photographed, manufactured, developed, screened, exhibited or otherwise prepared or shown,* and the personal property and contents used in conducting and maintaining any such place for any such purpose. * * *." (Emphasis added to words added to section by amendment.)

Except for changes in form effected by the adoption of the Revised Code, Section 6212-1, General Code, as amended in 1943, is the same as Section 3767.01, Revised Code, as it now exists. It is obvious from the history of this legislation that the primary intent of the 1943 amendment to Section 6212-1, General Code, was to extend the application of the nuisance statute pertaining to places in which lewdness, assignation, or prostitution exist to places where obscene films are photographed, manufactured, developed, screened, exhibited or otherwise prepared or shown, and the broadening of the provisions of such section to have general application to all nuisances "defined and declared by statute to be such" was merely incidental to the purpose of the amendment. It does not appear that, by the amendment, the Legislature effected an implied repeal of any of the remedial provisions of the predecessor section of Section 4301.73, Revised Code.

Section 4301.73, Revised Code, as Section 13195-1, General Code, was amended as a part of the Liquor Control Act, 115 Ohio Laws Pt. 2 118, 161. In *State, ex rel. Wetterstroem,* v. *Department of Liquor Control,* 129 Ohio St. 185, the Supreme Court held that act to be "a special, all-inclusive act controlling traffic in intoxicating liquors." It is clear that the "Padlock Law" was preserved and was

intended to become an integral part of the machinery for enforcement of the Act. *State, ex rel. Brocker,* v. *Rutter,* 51 Ohio App. 118, 121. Section 4301.73, Revised Code, thus constitutes a special statutory provision which applies to a specific subject matter, which subject matter would otherwise be included in the general provisions of Section 3767.01, Revised Code, relating to nuisances "defined and declared by statutes to be such."

In paragraph one of its syllabus in *Acme Engineering Co.* v. *Jones,* 150 Ohio St. 423, the Supreme Court held:

"1. A special statutory provision which applies to a specific subject matter constitutes an exception to a general statutory provision covering other subjects as well as the specific subject matter which might otherwise be included under the general provision. (*State, ex rel. Steller et al., Trustees,* v. *Zangerle, Aud.,* 100 Ohio St. 414, and paragraph one of the syllabus in *State, ex rel. Elliott Co.,* v. *Connar, Supt.,* 123 Ohio St. 310, approved and followed.)"

In such situations, the special statutory provision controls over the general statutory provision. *Andrianos* v. *Community Traction Co.,* 155 Ohio St. 47. In the circumstances of this case, the applicability of the rule is not dependent in any way on the time of enactment of the statutes. *Dallman* v. *Campbell,* 56 Ohio App. 88.

We conclude, therefore, that an action to enjoin the nuisance arising from the illegal sale of beer or intoxicating liquor, as defined by Section 4301.73, Revised Code, may be maintained only by those officials and agencies named therein and may not be maintained, in the circumstances of this case, by a citizen of the county under the supposed authority of Section 3767.01 *et seq.,* Revised Code.

*Judgment affirmed.*

COLE, P. J., and YOUNGER, J., concur.