[Cite as *Colt's Neck Homeowners Assn. v. Franklin Cty. Bd. of Commrs.*, 2025-Ohio-113.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE COLT'S NECK HOMEOWNERS ASSOCIATION, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| Plaintiff - Appellant, | : | Hon. Andrew J. King, J. |
| | : | |
| -vs- | : | |
| | : | |
| FRANKLIN COUNTY, OHIO BOARD OF COMMISSIONERS, et al., | : | Case No. 2024 CA 00048 |
| | : | |
| Defendant - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of Common Pleas, Case No. 23 CV 1462

JUDGMENT:     Dismissed

DATE OF JUDGMENT:     January 16, 2025

APPEARANCES:

For Plaintiff-Appellant

RICHARD E. ROGOVIN
8142 Creek Hollow Road
Blacklick, Ohio 43004

BRIAN S. HUNG
Loveland Law, LLC
3300 Riverside Drive, Suite 125
Upper Arlington, Ohio 43221

For Defendant-Appellee Jefferson Twp, Ohio

JENNIFER L. HUBER
JULIA E. DONNAN
PETER M. GRIGGS
Brosius, Johnson & Griggs, LLC
6797 North High St., Suite 350

For Defendant-Appellees Franklin County, Ohio Bd of Commissioners and Franklin County Engineer

JOSEPH R. DURHAM
Eastman & Smith LTD.
250 Civic Center Drive, Suite 280
Columbus, Ohio 43215

For Defendant- Appellee Licking County, Ohio Bd of Commissioners

CAROLYN CARNES
Assistant Prosecuting Attorney
Licking County Prosecutor's Office
20 South 2nd Street
Newark, Ohio 43055

Worthington, Ohio 43085
*Baldwin, J.*

{¶1} The appellant appeals the decision of the trial court dismissing its appeal from the decision of the Joint Board of County Commissioners of Franklin and Licking Counties to proceed with a ditch improvement project survey and design. Appellees are the Franklin County, Ohio Board of Commissioners; Licking County, Ohio Board of Commissioners; Franklin County Engineer; Jefferson Township, Ohio; and, Julie A. Dockter.

## STATEMENT OF THE FACTS AND THE CASE

{¶2} On or about April 26, 2024, appellees Jefferson Township and Julie A. Dockter filed a Petition for Ditch Improvement with the Franklin County Board of Commissioners alleging that certain improvements to the Cole Ditch were necessary, would benefit the petitioners, and would be conducive to the public welfare. The improvements sought in the Petition included a request to: repair, replace, or alter current drainage; mitigate flooding in the petitioner's properties; and, improve drainage for the parcels owned by the petitioners.

{¶3} Cole Ditch is located in both Franklin and Licking Counties. Accordingly, a Joint Board of County Commissioners of Franklin County and Licking County ("Joint Board") convened on December 5, 2023, for a First Hearing on the Petition. The hearing commenced, and testimony from a representative of the Franklin County Engineer's office was presented, establishing the following.

{¶4} The entire Cole Ditch watershed area spans approximately 1,132 acres, with approximately 894 acres in Franklin County and 238 acres in Licking County; 8,541 parcels are located in Franklin County, and 70 parcels are located in Licking County. The

Engineer's office sent letters via certified mail, return receipt requested, to all property owners in the estimated watershed area, and all necessary property owners were served within the statutory requirements. That is, all property owners who live within the watershed area who would potentially be assessed if the project moved forward were served; however, property owners who live outside the watershed area and who would not be assessed were not served. The Engineer's office had compiled a preliminary report which included a preliminary cost estimate, a statement of feasibility, and a cost-benefit analysis for the entire project. In addition, the requisite R.C. 6131.12(A) factors were addressed: that a proposed improvement was necessary; that the proposed improvement was conducive to the public welfare; and, that it was reasonably certain that the benefits of the proposed improvement would outweigh its costs. Individual parcel assessments were not, however, calculated at the time of the First Hearing.

{¶5} During the hearing, the Engineer clarified on cross-examination that the Engineer's office only served 89 property owners of the appellant's 104 members with the notice, as only those 89 properties are in the Cole Ditch watershed, and the other properties are not in the watershed and would therefore not be assessed.

{¶6} The First Hearing also included sworn testimony by the appellant's witnesses, the admission of evidence, the requisite cross-examination, and the opportunity to be heard. At the conclusion of the hearing, the Joint Board determined that the R.C. 6131.12 requirements had been sufficiently met in order to proceed with the Petition, and unanimously voted to adopt a resolution ordering the Franklin County Engineer to prepare reports, plans, and schedules for the improvement of the Cole Ditch watershed to aid the Board determination at a future hearing. The vote to proceed also

set forth that if, after the conclusion of the second hearing, there was a vote not to proceed, the affected residents would not be responsible for the costs related to the plans and specifications.

{¶7} The appellant appealed the Joint Board's December 5, 2023, decision to the Licking County Court of Common Pleas[1]. Its notice of appeal included a request for damages in excess of $25,000. The appellees filed Civ.R. 12(B)(6) motions to dismiss for failure to state a claim upon which relief can be granted. After a full briefing by the parties, the trial court granted the motions to dismiss. The appellant filed a timely appeal of the trial court's decision in which it sets forth the following sole assignment of error:

{¶8} "I. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CASE PURSUANT TO CIV.R. 12(B)(6) BECAUSE OHIO LAW PROVIDES FOR THE APPEAL OF "ANY ORDER" MADE BY A BOARD OF COUNTY COMMISSIONERS RELATED TO COUNTY DRAINAGE IMPROVEMENTS SOUGHT UNDER CHAPTERS 6131 AND 6133 OF THE OHIO REVISED CODE AND APPELLANT HAD STANDING TO BRING THE APPEAL."

## STANDARD OF REVIEW

{¶9} The appellate standard of review of a trial court's decision to grant a Civ.R. 12(B) motion to dismiss is de novo. *Dover Chemical Corp. v. Dover*, 2022-Ohio-2307, ¶ 32 (5th Dist.), citing *Huntsman v. State*, 2017-Ohio-2622, ¶ 20 (5th Dist.), citing *Greeley v. Miami Valley Maintenance Contractors Inc.*, 49 Ohio St.3d 228 (1990). A motion to

---

[1] The appellant filed also filed a notice of appeal with the Franklin County Court of Common Pleas. The Franklin County Court of Common Pleas also dismissed the appellant's appeal, and the appellant has appealed that decision to the Tenth District Court of Appeals.

dismiss for failure to state a claim upon which relief can be granted is procedural, and as such tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Bd. of Commissioners*, 65 Ohio St.3d 545 (1992). Under a de novo analysis, all factual allegations of the complaint must be accepted as true, and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56 (1991). In order to dismiss a complaint pursuant to Civil Rule 12(B)(6), it must appear beyond a doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143 (1991).

## ANALYSIS

{¶10} The appellant argues that the trial court erred in granting the appellees' Civ.R. 12(B)(6) motions to dismiss, and sets forth three primary arguments in support of its position: first, that the trial court erred in dismissing appellant's appeal because it lacked jurisdiction to render a decision prior to convening a panel of judges; second, that the trial court erred in dismissing appellant's appeal because Chapters 2506, 6131 and 6133 of the Ohio Revised Code provide for the appeal of the Joint Board's decision that was made following the First Hearing; and third, that the appellant is harmed by the First Hearing Order, but even if such harm is not found the appellant still has statutory standing to appeal the First Hearing Order. We disagree.

{¶11} The appellant initially argues that the trial court erred because it failed to establish a two judge panel consisting of judges from both Licking and Franklin counties. However, the appellant demanded damages in excess of $25,000.00 at the conclusion of its Notice of Appeal. R.C. 6133.10 provides that "all appeals to the court of common pleas *except appeals on claims for compensation or damages* shall be heard by a panel of

judges consisting of one judge of the court of common pleas from each of the affected counties." (Emphasis added.) Because the appellant sought compensation or damages in excess of $25,000.00, it was not entitled to a panel consisting of judges from Licking and Franklin counties, and the trial court had the authority to rule on the motions to dismiss.

{¶12} Next, the appellant erroneously argues that it is entitled to appeal a decision to proceed following a First Hearing. County drainage improvements are governed by statute. R.C. 6131. et seq. addresses single county drainage improvements, and R.C. 6133. et seq. addresses joint county drainage improvements. When a proposed improvement is located in, benefits, or damages land in two or more counties, the proceeding is to be conducted by a joint board of county commissioners consisting of commissioners of both counties in which the subject land is located. The petition for a joint county drainage improvement is filed with the clerk of the board of county commissioners of the lead county. R.C. 6133.02. The lead county is the county in which the majority of the initial length of a joint county drainage improvement would be located. R.C. 6133.01(B). Franklin County is the lead county in the within case, as that is where the majority of the proposed project area is located. The joint board of county commissioners may do all the things that a board of county commissioners may do in a single county improvement, and is governed by and subject to the provisions of R.C. 6131. et seq. relating to single county ditches insofar as applicable. R.C. 6133.03(A).

{¶13} In the case sub judice, the matter had proceeded through the First Hearing only. R.C. 6131.101 addresses the First Hearing, the powers and duties of county

commissioners, the vote to proceed with a project survey and design or dismiss it, and other considerations, and states:

(A)     At the first hearing on a petition for a proposed improvement, the board of county commissioners shall do both of the following:

(1)     Hear the preliminary report of the county engineer required under section 6131.09 of the Revised Code;

(2)     Hear any evidence offered by any owner for or against the granting of the proposed improvement or for or against the granting of any laterals, branches, spurs, or change of route, course, termini, or manner of construction described in the petition or in any amendment.

(B)     If necessary, the board of county commissioners may recess and continue the hearing on subsequent days as may be reasonable to consider additional information about the proposed improvement or so that all interested owners may have an opportunity to comment on the proposed improvement.

(C)     At the conclusion of the first hearing, the board shall vote to determine whether to proceed with the project survey and design or to dismiss the petition, taking into consideration the petition, the preliminary report, and comments on the proposed improvement.

The First Hearing was conducted in compliance with the requirements set forth in R.C. 6131.101.

{¶14} R.C. 6131.11 addresses dismissal of the petition after the First Hearing and the right to appeal, and states:

(A)      If the board of county commissioners finds at the conclusion of the first hearing for a proposed improvement that a proposed improvement is not necessary, will not be conducive to the public welfare, or that the estimated cost of the proposed improvement will exceed the benefits to be derived if it is constructed, the board shall dismiss the petition for the proposed improvement and enter its findings upon its journal.

(B)      Any owner who is affected by the order of dismissal may appeal to the court of common pleas of the county in which the petition was filed, as provided in sections 6131.12 to 6131.64 of the Revised Code. If no appeal is filed within thirty days pursuant to section 6131.25 of the Revised Code, the bond shall cover all the costs incurred in the proceedings. Any remaining funds from the bond shall be returned to the petitioner.

(C)      An order issued by the board under this section is effective on the day of the hearing at which the board issued it.

The Petition herein was not dismissed.

{¶15} R.C. 6131.25 sets forth questions which may be appealed by "affected owners." However, since assessments had not yet been made, the appellant's property owners were not yet "affected."

{¶16} Finally, R.C. 6131.31 addresses appeal from the decision of county commissioners on drainage improvement matters. With regard to first hearings, it provides guidance regarding the appeal of dismissals. R.C. 6131.31 addresses the appeal of decisions to move forward with a petition following final hearings and orders. In

this case, the petition was not dismissed, and no final hearing or order had yet transpired. Thus, the statutory right to appeal had not yet been conferred.

**{¶17}** Furthermore, the right to appeal is not conferred upon the appellant by R.C. 2506.01. As this Court recently held in *Delaware City Sch. Bd. of Educ. v. Delaware Cnty. Bd. of Revision*, 2024-Ohio-1565 (5th Dist.):

R.C. § 2506.01 does not create a cause of action where none otherwise exists. Regarding administrative appeals under R.C. § 2506.01, Ohio courts require a party to identify a statutory provision that expressly authorizes the filing of an appeal. *Yanega v. Cuyahoga Cty. Bd. of Revision*, 156 Ohio St.3d 203, 2018-Ohio-5208, 124 N.E.3d 806, ¶ 10 ("there is no inherent right to appeal an administrative decision; rather, the right must be conferred by statute"). This statutory permission cannot come from R.C. § 2506.01 itself. *JRB Holdings, LLC v. Stark Cty. Bd. of Revision*, 5th Dist. Stark No. 2021CA00144, 2022-Ohio-1646, ¶11-18, (looking beyond R.C. Chapter 2506 to determine whether an appeal from a board of revision is permitted).

Rather, that authority must arise from another statutory provision. See also *Hamer v. Danbury Twp. Bd. of Zoning Appeals*, 6th Dist. Lucas No. L-19-1210, 2020-Ohio-3209, 155 N.E.3d 218, ¶10 ("jurisdiction over an administrative appeal is improper unless granted by R.C. 119.12 or other specific statutory authority"), quoting *Nkanginieme v. Ohio Dept. of Medicaid*, 10th Dist. Franklin No. 14AP-596, 2015-Ohio-656, 29 N.E.3d 281, ¶ 15.

R.C. § 2506.01 is a general statute dealing with appeals from various bodies. R.C. § 5717.01, on the other hand, is a special statute specifically dealing with board of revision property valuations and rights of appeal therefrom. Under such circumstances, R.C. § 5717.01 prevails and is exclusively applicable. As set forth by the Ohio Supreme Court in *Acme Engineering Co. v. Jones* (1948), 150 Ohio St. 423, 83 N.E.2d 202:

> A special statutory provision which applies to a specific subject matter constitutes an exception to a general statutory provision covering other subjects as well as the specific subject matter which might otherwise be included under the general provision. (*State, ex rel. Steller et al., Trustees v. Zangerle, Aud.*, 100 Ohio St. 414, 126 N.E. 413, and paragraph one of the syllabus in *State, ex rel. Elliott Co. v. Connar, Supt.*, 123 Ohio St. 310, 175 N.E. 200, approved and followed.)

> See also *Ruprecht v. City of Cincinnati*, 64 Ohio App.2d 90, 92–93, 411 N.E.2d 504, 507 (1st Dist.1979).

*Id.* at ¶¶ 39-42. Thus, the right to appeal cannot be conferred by R.C. 2506 when another, more specific, statutory framework such as R.C. 6131. et seq. and 6133. et seq. applies to the proceedings.

**{¶18}** In this case, the First Hearing did not result in dismissal of the petition. Instead, the Joint County Board of Commissioners found that the improvements were necessary and conducive to the public welfare and that the benefits outweighed the potential cost, and instructed the Franklin County Engineer to submit plans, estimates,

and schedules for the project on or before August 31, 2025. No final decisions were made regarding the project, and no assessments were made with regard to any properties. If no assessments have been made, property owners within the watershed area have yet to be affected. In other words, the appellant's members have not yet suffered damages. Thus, the issues presented are not yet ripe for appellate review.

{¶19} The doctrine of ripeness was discussed by this Court in *State v. Manion,* 2020-Ohio-4230:

> The Ohio Supreme Court discussed the concept of ripeness for review in *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 1998-Ohio-366, 694 N.E.2d 459:

> Ripeness "is peculiarly a question of timing." *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 351.

> The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:

> "The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects

of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876.

> *Id.* at 89, 694 N.E.2d at 460.

*Id.* at ¶8-9.

**{¶20}** This case did not present the trial court, and does not present this Court, with an issue that is real or imminent. The Franklin County Engineer has not yet completed the reports, plans, and schedules for the improvement of the Cole Ditch watershed which were ordered to aid the Joint Commissioners in their determination at a future hearing. Furthermore, if after the conclusion of the second hearing there was a vote not to proceed, the affected residents would not be responsible for the costs related to the plans and specifications. In addition, it is unclear which members of the appellant HOA may be subject to assessments, and if so, how much. The appellant has not yet suffered any damages. The matter before this Court is not yet ripe, and is therefore dismissed.

## CONCLUSION

**{¶21}** Based upon the foregoing, we find that the issues raised in this appeal are not yet ripe for review. Accordingly, the appellant's assignment of error is overruled, and the appeal is dismissed.

By: Baldwin, J.

Hoffman, P.J. and

King, J. concur.