[Cite as *Colt's Neck Homeowners Assn. v. Franklin Cty. Bd. of Commrs.*, 2025-Ohio-1236.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The Colt's Neck Homeowners Association, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 24AP-273 |
| v. | : | (C.P.C. No. 23CV-9463) |
| Franklin County Ohio Board of Commissioners et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on April 8, 2025

**On brief:** *Richard D. Rogovin*; *Loveland Law, LLC*, and *Bryan S. Hunt*, for appellant. **Argued:** *Bryan S. Hunt*.

**On brief:** *Brosius, Johnson & Griggs, LLC, Jennifer L. Huber, Julia E. Donnan*, and *Peter N. Griggs*, for appellee Jefferson Township, Ohio.

**On brief:** *Eastman & Smith Ltd.* and *Joseph R. Durham*, for appellees Franklin County, Ohio Board of Commissioners and Franklin County Engineer. **Argued:** *Joseph R. Durham*.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Plaintiff-appellant, the Colt's Neck Homeowners Association ("Colt's Neck"), appeals the judgment of the Franklin County Court of Common Pleas, which dismissed its administrative appeal from the order of a joint board comprised of county commissioners from Franklin County, Ohio, and Licking County, Ohio (the "joint board"), to proceed with a petition for ditch improvements filed in accordance with R.C. Chapters 6131 and 6133. Appellees are: (1) the Franklin County, Ohio, Board of Commissioners; (2) the Licking County, Ohio, Board of Commissioners; (3) the Franklin County, Ohio, Engineer; (4)

Jefferson Township, Ohio; and (5) Julie A. Dockter. For the following reasons, we reverse the trial court's judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} On May 24, 2023, the Jefferson Township Board of Trustees and Julie Dockter filed a Petition for Ditch Improvement with the Franklin County Board of Commissioners pursuant to R.C. 6131.04(A). The petition alleged that improvements to the Cole Ditch, a tributary to Blacklick Creek that begins in Licking County and flows through Licking and Franklin Counties, are necessary, would benefit petitioners, and would be conducive to the public welfare. The Cole Ditch watershed area spans 1,132 acres, with 894 acres located in Franklin County and 238 acres located in Licking County. The petition listed the names of hundreds of "Affected Property Owners," including Colt's Neck and many of its members, who would be impacted by the proposed improvements. (R., Ex.1 at 3.) The Franklin County Engineer's office sent letters by certified mail to all owners of real property within the watershed boundaries, including Colt's Neck and 89 of Colt's Neck's 104 members. The remaining members of Colt's Neck, who owned property located outside the watershed and who would not be subject to assessments for the proposed improvements, were not served.

{¶ 3} Because the proposed ditch improvement involved property located in both Franklin County and Licking County, the matter proceeded before a joint board of county commissioners, consisting of the members of each county's board of county commissioners. *See* R.C. 6133.02(A). The joint board convened for a first hearing on the petition on December 5, 2023. At the first hearing, a representative of the Franklin County Engineer's office presented that office's preliminary report, which included a preliminary cost estimate, a statement of feasibility, and a cost-benefit analysis for the proposed project. The joint board admitted into evidence letters submitted by residents of the watershed area and heard testimony from numerous property-owner witnesses. At the conclusion of the first hearing, the joint board determined that the requirements to proceed with the petition under R.C. 6131.12 had been satisfied, and the joint board unanimously voted to adopt a resolution ordering the Franklin County Engineer to prepare reports, plans, and schedules for the improvement of the Cole Ditch.

{¶ 4}   Colt's Neck filed notices of appeal of the joint board's order in both the Franklin County Court of Common Pleas and the Licking County Court of Common Pleas.

{¶ 5}   In the Franklin County appeal at issue here, appellees filed motions to dismiss.  The Franklin County Board of Commissioners, the Franklin County Engineer, and the Licking County Board of Commissioners (collectively, the "county appellees") filed a joint motion, while Jefferson Township filed its own motion.  The county appellees argued that the joint board's order to proceed with the petition at the conclusion of the first hearing was not an appealable order, as there is no statutory authority to appeal an order to proceed following a first hearing, and that Colt's Neck lacks standing to appeal because no assessments have been made and it has therefore not been affected by the order to proceed. The trial court granted the motions to dismiss on March 28, 2024, holding, consistently with appellees' arguments, that there is no right to an immediate appeal from an order to proceed with a petition following a first hearing and that Colt's Neck cannot establish that it has been or will be harmed by the outcome of the petition proceeding.

## II.  ASSIGNMENT OF ERROR

{¶ 6}   Colt's Neck filed a timely appeal and asserts a single assignment of error:

> The trial court erred in dismissing Appellant's case pursuant to Civ.R. 12(B)(6) because Ohio law provides for the appeal of "any order" made by a board of county commissioners related to county drainage improvements sought under Chapters 6131 and 6133 of the Ohio Revised Code and Appellant had standing to bring the appeal.

(Appellant's Brief at 1.)

## III.  ANALYSIS

### A.  Statutory process and authority to appeal

{¶ 7}   Pursuant to R.C. 6131.04(A), "[a]ny owner may file a petition for the construction of a drainage improvement with the clerk of the board of county commissioners of the county in which is located a part of the land proposed to benefit from the improvement." R.C. 6131.01(A) broadly defines "owner" as including "any owner of any right, title, estate, or interest in or to any real property."  When a proposed drainage improvement will be located in two or more counties, a "petition for a joint county drainage improvement shall be filed with the clerk of the board of county commissioners of the lead

county," R.C. 6133.02(B), *i.e.*, "the county in which the majority of the initial length of a joint county drainage improvement would be located," R.C. 6133.01(B).

{¶ 8} Proceedings on a petition for a joint county drainage improvement "shall be conducted by a joint board of county commissioners consisting of the members of the boards of county commissioners of the several counties in which land may be benefited or damaged by the proposed improvement." R.C. 6133.02(A). Insofar as applicable, the joint board is "governed by and . . . subject to" R.C. 6131.01 through 6131.64, relating to single county ditches. R.C. 6133.03(A). "All rights of appeal and all other rights or remedies as provided in Chapter 6131. of the Revised Code apply to joint county improvements." R.C. 6133.03(D).

{¶ 9} At a first hearing on a petition for a proposed improvement, the board (or joint board) of county commissioners must hear the preliminary report of the county engineer, required by R.C. 6131.09, as well as any evidence offered by any property owner for or against the proposed improvement. R.C. 6131.101(A). "At the conclusion of the first hearing, the board shall vote to determine whether to proceed with the project survey and design or to dismiss the petition, taking into consideration the petition, the preliminary report, and comments on the proposed improvement." R.C. 6131.101(C).

{¶ 10} If the board finds at the conclusion of the first hearing that the proposed improvement is not necessary, will not be conducive to the public welfare, or that the estimated cost of the proposed improvement will exceed the benefits to be derived if it is constructed, the board must dismiss the petition and enter its findings upon its journal. R.C. 6131.11(A). On the other hand, if the board finds that the proposed improvement is necessary, is conducive to the public welfare, and that the benefits of the proposed improvement will with reasonable certainty outweigh its costs, the board may decide to proceed with a project survey and design for the proposed improvement. R.C. 6131.12(A). If the board decides to proceed, it must order the county engineer to prepare the reports, plans, and schedules provided for in R.C. Chapter 6131 and set a date for the engineer's filing of the reports, plans, and schedules. R.C. 6131.12(C)(2) and (3). Here, having made the requisite findings, the joint board ordered the Franklin County Engineer to prepare reports, plans, and schedules for the proposed improvements to the Cole Ditch Watershed.

{¶ 11} R.C. 6131.25(A) sets out a broad right to appeal orders issued by a board of county commissioners concerning ditch improvements: "*Any affected owner* may appeal to the court of common pleas within thirty days of the date that *any order* was issued by the board of county commissioners under this chapter." (Emphasis added.)

{¶ 12} Pursuant to R.C. 6133.10(A), all appeals to the court of common pleas from proceedings on a joint county improvement petition, "except appeals on claims for compensation or damages[,] shall be heard by a panel of judges consisting of one judge of the court of common pleas from each of the affected counties."

### B. The Fifth District's decision

{¶ 13} As stated above, Colt's Neck filed notices of appeal from the joint board's order to proceed in both the Franklin County Court of Common Pleas and the Licking County Court of Common Pleas. Like the trial court here, the Licking County court dismissed Colt's Neck's appeal, *see The Colt's Neck Homeowners Assn. v. Franklin Cty. Commrs.*, Licking C.P. No. 2023CV01462 (Apr. 25, 2024), and Colt's Neck appealed that decision to the Fifth District Court of Appeals, raising the same arguments and asserting the same assignment of error it asserts here. Before turning to our own analysis, we briefly address the Fifth District's resolution of Colt's Neck's appeal.

{¶ 14} On January 16, 2025, the Fifth District dismissed Colt's Neck's appeal. *Colt's Neck Homeowners Assn. v. Franklin Cty. Bd. of Commrs.*, 2025-Ohio-113 (5th Dist.). The Fifth District held that the Licking County Court of Common Pleas was not required to convene a panel of judges pursuant to R.C. 6131.10(A) because Colt's Neck requested compensation or damages in its notice of appeal. *Id.* at ¶ 11. It also held there is no statutory right to appeal an order to proceed with a petition for a proposed amendment at the conclusion of a first hearing. *Id.* at ¶ 12. It reasoned, in part, that for purposes of R.C. 6131.25, there are no "affected owners" when a board merely decides to proceed, because no assessments have yet been made. *Id.* at ¶ 15. Accordingly, it determined that the issues presented by Colt's Neck were not ripe for review in either the common pleas court or the court of appeals. *Id.* at ¶ 18, 20.

{¶ 15} We respectfully disagree with the Fifth District's holdings.

**C. R.C. 6133.10(A) required the trial court to convene a panel of judges**

{¶ 16}  We begin with Colt's Neck's argument that the trial court erred by dismissing its appeal prior to convening a panel of judges pursuant to R.C. 6133.10(A).  Interestingly, in the trial court, the parties did not dispute that R.C. 6113.10(A) applied and required that Colt's Neck appeal be decided by a panel of judges consisting of one judge from the Franklin County Court of Common Pleas and one judge from the Licking County Court of Common Pleas.  Colt's Neck moved the trial court to consolidate this action with the appeal in Licking County and for an order that the consolidated action proceed before a panel of judges in Licking County.  In their response to that motion, the county appellees acknowledged that an appeal from an order involving a joint county improvement petition must be decided by a panel of judges pursuant to R.C. 6131.10(A), and they did not oppose Colt's Neck's request to consolidate its appeals or that the appeals proceed before a panel of judges; they opposed only Colt's Neck's request that the matter proceed in Licking County rather than in Franklin County.  The trial court did not rule on Colt's Neck's motion to consolidate.

{¶ 17}  On appeal here, appellees make a new argument in response to Colt's Neck's argument that the trial court lacked authority to dismiss its appeal before convening a panel of judges pursuant to R.C. 6131.10(A).  Contrary to their position in the trial court, they now suggest that, because Colt's Neck's notice of appeal included a request for damages, the trial court may have determined that Colt's Neck's appeal was an appeal "on claims for compensation or damages" that is not subject to the requirement of a panel of judges.  R.C. 6131.10(A).  Even putting aside appellees' failure to raise this argument in the trial court, we reject the argument on its merits.

{¶ 18} Both R.C. Chapters 6131 and 6133 address claims for compensation or damages brought before a board (or joint board) of commissioners as part of the petition process.  R.C. 6131.19 requires a board of commissioners to "hear any competent evidence offered by any affected owner . . . upon any claim filed for compensation or damages" at the final hearing or after the final hearing is adjourned to hear such claims, R.C. 6131.19(A), and to "determine the amount of damages for each claim filed by an owner," R.C. 6131.19(B). With respect to a joint county improvement project, "[c]laims for compensation for land taken or for damages to land may be appealed by an affected owner, or by the prosecuting attorney, to the court of common pleas of the county in which the land

for which the owner claims compensation or damages is located," R.C. 6133.09(B), and the appeal "shall proceed the same as an appeal on a claim for compensation or damages in a single county improvement proceeding," R.C. 6133.09(C). An appeal from a joint board's order allowing or denying compensation or damages in a joint-county improvement petition "shall be tried by jury as provided in Chapter 6131. of the Revised Code." R.C. 6133.10(B).

{¶ 19} An appeal from a board's order allowing or denying compensation or damages in a joint-county improvement petition proceeding is not decided by a panel of judges under R.C. 6133.10(A) because it is to be decided by a jury. Colt's Neck, however, has not appealed a decision on a claim for compensation or damages, as no such claim or decision has been made. The inclusion of a demand for damages in Colt's Neck's notice of appeal does not transform this appeal into "an appeal on compensation or damages" for purposes of R.C. 6133.10(A). Therefore, the exception to the R.C. 6133.10(A) requirement that a panel of judges hear appeals from joint-county improvement petition proceedings is inapplicable.

{¶ 20} R.C. 6133.10(A) requires that Colt's Neck's appeal be determined by a panel of judges consisting of one judge of the Franklin County Court of Common Pleas and one judge of the Licking County Court of Common Pleas. Because the trial court acted alone, without first convening the required panel of judges, it erred.

### D. R.C. 6131.25 authorizes an appeal from an order to proceed following a first hearing

{¶ 21} We likewise disagree with the trial court (and with the Fifth District) that R.C. Chapters 6131 and 6133 do not provide for an appeal of an order to proceed following a first hearing. The right to appeal granted in R.C. 6131.25(A) is broad and provides for an appeal of "*any* order" issued by the board under R.C. Chapter 6131 by "[*a*]*ny* affected owner." (Emphasis added.) No language in R.C. 6131.25(A) limits the orders from which an appeal may be taken to orders issued after a *final* hearing. Nor does any language in that statute, or elsewhere in R.C. Chapters 6131 and 6133, limit an appeal following a first hearing to circumstances in which the board or joint board dismisses a petition. To read such a limitation into the statute would be contrary to the plain statutory language granting the right to appeal "any order." R.C. 6131.25(A).

{¶ 22} R.C. 6131.11(B), which addresses the dismissal of a petition following a first hearing, authorizes "[a]ny owner who is affected by [an] order of dismissal" at the conclusion of the first hearing to appeal to the court of common pleas. R.C. 6131.12, which addresses what happens when a board decides at a first hearing to proceed on a petition, does not contain an express authorization of an appeal from an order to proceed following a first hearing. Nevertheless, R.C. 6131.12(D) acknowledges the availability of such an appeal. Under R.C. 6131.12(D), a board of county commissioners that has determined to proceed on a petition, must wait to order the transfer of unappropriated county funds to the appropriate drainage improvement fund until "[a]*fter the thirty-day period for appeal provided under [R.C.] 6131.25 . . . has expired and no appeal has been filed*." (Emphasis added.) Not only does R.C. 6131.12(D) require the court to wait 30 days, but it allows the board to order a transfer of funds only if "no appeal has been filed." Similarly, R.C. 6131.06(C) directs the clerk of the board of county commissioners to release a bond required by R.C. 6131.06(A) upon "expiration of the [30]-day appeal period provided for in [R.C.] 6131.25 . . . *after an order to proceed with the project by the board at the first hearing* or at the termination of the appeal." (Emphasis added.) Both statutes anticipate the availability of an appeal from an order to proceed, and they direct the board's actions accordingly.

{¶ 23} To agree with appellees that there is no right to appeal an order to proceed following a first hearing would be to render language in R.C. 6131.12(D) and 6131.06(C) superfluous—something we may not do. When reading a statute, we are to " 'give effect to every word and clause in it,' " treating no part " 'as superfluous unless that is manifestly required, and . . . avoid[ing] that construction which renders a provision meaningless or inoperative.' " *Boley v. Goodyear Tire & Rubber Co.*, 2010-Ohio-2550, ¶ 21, quoting *State ex rel. Myers v. Bd. of Edn.*, 95 Ohio St. 367 (1917). Accordingly, we conclude that R.C. 6131.25 provides the right to appeal an order to proceed made at the conclusion of a first hearing.

### E. Colt's Neck does not lack standing to appeal

{¶ 24} Finally, we disagree with the trial court's conclusion that Colt's Neck was not entitled to appeal because it cannot show that it has been harmed or will be harmed by the final outcome of the petition process.

{¶ 25} A court of common pleas may only hear administrative appeals when specific statutory authority grants the court jurisdiction. *Benevolent Emps. v. State Emp. Relations Bd.*, 2012-Ohio-5905, ¶ 8 (10th Dist.), citing *Total Office Prods. v. Dept. of Adm. Servs.*, 2006-Ohio-3313, ¶ 12 (10th Dist.), citing *Abt v. Ohio Expositions Comm.*, 110 Ohio App.3d 696, 699 (10th Dist. 1996). As stated above, R.C. 6131.25 broadly authorizes "[a]ny affected owner" to appeal "any order" issued under R.C. Chapter 6131. R.C. Chapter 6131 does not define "affected owner." We must therefore afford that term its plain and ordinary meaning. *Lingle v. State*, 2020-Ohio-6788, ¶ 15. *New Oxford Am. Dictionary* (3d Ed. 2010) defines "affect" as to "have an effect on; make a difference to." And *Black's Law Dictionary* (12th Ed. 2024) similarly defines "affect" as, "[m]ost generally, to have an effect on; to influence in some way." Thus, an owner upon whom a board's order has had an effect is an "affected owner" for purposes of R.C. 6131.25.

{¶ 26} The county appellees argue that Colt's Neck was not an "affected owner" following the joint board's decision to proceed with the petition because the joint board has not yet made any assessment against Colt's Neck's property and because Colt's Neck has, therefore, not yet suffered an actual injury. We disagree.

{¶ 27} The authorization to appeal under R.C. 6131.25 is broader than under other statutes setting out a right to an administrative appeal. For example, R.C. 119.12(A) provides, "any party *adversely affected* by an order of an agency issued *pursuant to an adjudication* may appeal." (Emphasis added.) The right to appeal under R.C. 119.12(A) arises only after an administrative agency has issued an order "pursuant to an adjudication," and it extends only to a "party" who has been "adversely affected" by the order. *See Parks v. Oil & Gas Mgt. Comm.*, 2025-Ohio-847, ¶ 12. An adjudication is a "determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person." R.C. 119.01(D). "An appellant is 'adversely affected' by an agency decision . . . when his ' "rights, privileges, benefits or pecuniary interests are the subject of the administrative adjudication" ' and he ' "has been, or likely will be, injured by the administrative order." ' " *Brady v. Youngstown State Univ.*, 2022-Ohio-353, ¶ 22, quoting *Ward v. Ohio Dept. of Job & Family Servs.*, 2015-Ohio-5539, ¶ 22 (9th Dist.), quoting *Rose v. Ohio Dept. of Job & Family Servs.*, 2005-Ohio-1804, ¶ 11 (12th Dist.). Because an appeal under R.C. 119.12(A) is limited to an order

by an agency's highest authority that determines a person's rights, it logically follows that an appeal may be maintained only if the appellant has been or is likely to be injured by the administrative order.

{¶ 28} As stated above, R.C. 6131.12(D) and 6131.06(C) reflect a right to appeal from a board's order to proceed following a first hearing—before any adjudication of rights, duties, privileges, benefits, or legal relationships has taken place. Because those statutes, along with R.C. 6131.25, authorize an appeal of a board's preliminary determination to proceed on a petition, when no assessments have yet been made, we must reject the county appellees' argument that only by an owner against whom an assessment has been levied may maintain an appeal. Acceptance of that argument would essentially strip all meaning from the General Assembly's acknowledgement in R.C. 6131.12(D) and 6131.06(C) of a right to appeal from a board's order to proceed following a first hearing.

{¶ 29} R.C. 6131.04(B)(5) requires a petition for a drainage improvement to list the names and addresses "of all the owners of the land that the petitioner or the county engineer claims will be benefited or damaged by the construction of the proposed improvement, as determined by the county engineer." The petition here designated those property owners, including Colt's Neck, as "Affected Property Owners." (R. Ex. 1 at 3.) As a property owner who stands to benefit or be damaged by the construction of the proposed improvement, Colt's Neck has certain rights, including the right to written notice of the petition and of the date, time, and location of the first hearing, and the opportunity to comment on the proposed improvement. Acting on those rights, Colt's Neck appeared at and participated in the first hearing with counsel to oppose the petition. When the joint board issued an order to proceed with the petition, it did so contrary to Colt's Neck's statutorily protected interest. As an entity opposed to the petition, the joint board's order has an obvious effect on Colt's Neck, as it will have to expend additional time and resources to continue its opposition to the proposed improvements. We therefore conclude that Colt's Neck is an "affected owner" under R.C. 6131.25(A) who may maintain an appeal from the joint board's order.

## IV. CONCLUSION

{¶ 30} For these reasons, we sustain Colt's Neck's sole assignment of error, reverse the trial court's judgment, and remand this matter for further proceedings conducted pursuant to R.C. 6133.10(A).

*Judgment reversed;*
*case remanded.*

DORRIAN and BEATTY BLUNT, JJ., concur.

_____